CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 19 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD NEAL SUTPHIN, <br> Petitioner, | Civil Action No. 7:12-cv-00318 |
| v. | MEMORANDUM OPINION |
| FLOYD COUNTY CIRCUIT COURT, <br> Respondent. | By: Samuel G. Wilson <br> United States District Judge |

Ronald Neal Sutphin, a federal inmate proceeding *pro se*, filed this petition seeking a probation revocation hearing under the Interstate Agreement on Detainers ("IAD") as it relates to a Virginia state detainer currently pending against him. The court finds that Sutphin is not entitled to the relief he seeks and, therefore, dismisses his petition.[1]

I.

In 2010, Sutphin was convicted of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and sentenced to 60 months incarceration. See Criminal Case No. 4:10cr9-1. Sutphin is currently serving his federal sentence at a facility located in the California. After Sutphin was convicted in this court, a detainer[2] was lodged against him based on charges of a probation violation in the Floyd County Circuit Court. See Commonwealth v. Sutphin, Case

---

[1] To the extent Sutphin's petition can be construed as a petition for writ of mandamus against the Floyd County Circuit Court, the named respondent to this action, it fails because district courts do not have jurisdiction to grant mandamus relief against state officials. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). To the extent Sutphin's petition could be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, this court would have no jurisdiction over the § 2241 petition. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (The proper venue for a § 2241 petition is the district in which the petitioner is incarcerated.) Further, this court declines to construe Sutphin's petition as a § 2241 petition and transfer it to the proper jurisdiction because Sutphin's claim for relief nevertheless fails on its merits, as discussed herein.

[2] A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent. Cuyler, 449 U.S. at 436, n. 3; Carchman v. Nash, 473 U.S. 716, 719 (1985); United States v. Mauro, 436 U.S. 340, 359 (1978); Moody v. Daggett, 429 U.S. 78, 80-81, n. 2 (1976). Detainers generally are based on outstanding criminal charges, outstanding parole- or probation-violation charges, or additional sentences already imposed against the prisoner. Carchman, 473 U.S. at 719.

No. CR06000049-04 (Va. Cir. Ct. Nov. 22, 2010). Sutphin seeks relief under the IAD and requests that either he be tried on this charge or the detainer be removed.

## II.

The IAD is a compact among 48 States, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. The IAD is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus, is a federal law subject to federal construction. Cuyler v. Adams, 449 U.S. 433, 438-442 (1981). Article III of the IAD establishes a procedure by which a prisoner incarcerated in one State (the sending State) may demand the speedy disposition of "any untried indictment, information or complaint" that is the basis of a detainer lodged against him by another State (the receiving State). If the prisoner makes such a demand, Art. III requires the authorities in the receiving State to bring him to trial within 180 days or the court must dismiss the indictment, information, or complaint, and the detainer will cease to be of any force or effect. However, the IAD does not apply to a detainer based on a probation violation charge. Carchman v. Nash, 473 U.S. 716, 726 (1985). Because the IAD does not apply to detainers based on probation violation charges, the relief Sutphin seeks is not available to him.

## III.

For the reasons stated, the court dismisses Sutphin's petition.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 19th day of July, 2012.

United States District Judge